LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
*michael.rubin@lw.com*
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Francis J. Acott (Bar No. 331813)
*francis.acott@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

*Attorneys for Defendant Amplitude, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v.

AMPLITUDE, INC., a Delaware corporation,

Defendant.

Case No. 2:24-cv-08155-MEMF-JPR

**DEFENDANT AMPLITUDE INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Judge: Maame Ewusi-Mensah Frimpong
Date: April 3, 2025
Time: 10:00 a.m.
Place: Courtroom 8B

# I. INTRODUCTION

Plaintiff Vivek Shah's central allegation is that he was unaware of and did not consent to non-party DoorDash's sharing of his information with Defendant Amplitude, Inc. ("Amplitude"), a data analytics service provider, when he used the DoorDash delivery app. Plaintiff claims that "[n]either [Amplitude] nor DoorDash informed or otherwise disclosed to Plaintiff" that if he used the DoorDash app, service providers like Amplitude would obtain his information. Dkt. 1 ("Compl.") ¶ 35. But that is not true: DoorDash's Privacy Policy, which incorporated into the Complaint and subject to judicial notice, specifically discloses the information DoorDash collects and that DoorDash may share that information with "service providers," specifically including "analytics services."

Amplitude has moved to dismiss Plaintiff's Complaint for lack of standing and failure to state a claim (the "Motion to Dismiss"). In support of the Motion to Dismiss, Amplitude respectfully requests that the Court take notice of the following documents attached to the Declaration of Brian Cramer ("Cramer Declaration" or "Cramer Decl.") and the Declaration of Michael H. Rubin ("Rubin Declaration" or "Rubin Decl.") submitted in connection with the Motion to Dismiss:

1. **Exhibit A to the Cramer Declaration**: DoorDash's Consumer Privacy Policy, dated July 1, 2024.

**2.** **Exhibit 1 to the Rubin Declaration**: the sign-up and login screen first displayed to users who download and open the DoorDash app from the Google Play Store on an Android Device.

**3.** **Exhibit 2 to the Rubin Declaration**: the sign up page displayed to users who download the DoorDash app from the Google Play Store on an Android Device, and click "Continue with email or phone."

These documents are properly considered by the Court because they are incorporated by reference into and are integral to Plaintiff's Complaint and/or subject to judicial notice under Rule 201 of the Federal Rules of Evidence.

## II. LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine is intended to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Accordingly, a document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Khoja,* 889 F.3d at 1002 (citations omitted). The Ninth Circuit has extended this doctrine to situations in which "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties to do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Khoja*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel,* 393 F.3d at 1076. A court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Additionally, judicial notice is proper where the information at issue is "not subject to reasonable dispute because it (1) is generally known within the trial court's

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also id.* at (c) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."). Thus, in considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider judicially noticeable material without converting the motion into one for summary judgment. *See, e.g., Khoja*, 899 F.3d at 999; *Ritchie*, 342 F.3d at 907–08.

## III. ARGUMENT

### A. DoorDash's Privacy Policy (Ex. A to the Cramer Declaration) Is Incorporated by Reference into the Complaint And Subject to Judicial Notice

DoorDash's Privacy Policy (Exhibit A to the Cramer Decl.) is incorporated by reference into the Complaint because Plaintiff's claims rely on his contention that he was not aware of and did not authorize DoorDash's data collection and sharing practices, and DoorDash's Privacy Policy did just that. *See* Ex. A at §§ II-V.

Plaintiff's central allegation is that he was never informed that Amplitude's SDK was embedded in the DoorDash app. Though Plaintiff carefully avoids mentioning DoorDash's Privacy Policy in his Complaint, he alleges that "[n]either [Amplitude] nor DoorDash informed or otherwise disclosed to Plaintiff" that if he used the DoorDash app, service providers like Amplitude would obtain his information. Compl. ¶ 35. Indeed, Plaintiff repeatedly asserts that he "d[id] not know" that the DoorDash app embedded Amplitude's SDK or that Amplitude might receive his personal information. *See, e.g.*, Compl. ¶¶ 3, 5, 20-24. In other words, Plaintiff's own allegations acknowledge that whether he was sufficiently informed turns on the contents of the DoorDash app's notices and disclosures.

DoorDash's Privacy Policy contains the relevant disclosures about the information DoorDash collects and shares with third parties. *See* Ex. A at §§ II-V. Accordingly, the Privacy Policy is integral to Plaintiff's claims and is incorporated

into the Complaint by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (agreement incorporated by reference into the complaint because it was "integral" to determining the "authorization . . . and ownership" of the parties' disputed assets); *Starks v. Geico Indem. Co.*, 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (policy incorporated by reference into complaint because it was "crucial" to claims to the extent that it "authorize[d]" defendant's alleged activity); *Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal. Sept. 26, 2024) (concluding that online "welcome screens" were incorporated into complaint because plaintiffs' claims "each relate to whether Apple disclosed its collection practices and whether Plaintiffs consented to those collection practices"). "Because Plaintiff's claim necessarily depends on the application of [DoorDash's privacy] policies—which relate directly to the issue of consent," the Court should hold that these documents "may appropriately be considered on a motion to dismiss." *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (privacy policy incorporated by reference where plaintiff did not mention it but alleged he did not consent to data practices at issue in CIPA action) (citing *Knievel*, 393 F.3d at 1076); *see also Al-Ahmed v. Twitter, Inc.*, 2022 WL 1605673, at *4 (N.D. Cal. May 20, 2022) (incorporation by reference of notices that plaintiff claims do not exist is appropriate where authenticity of materials is undisputed); *Garcia*, 78 F. Supp. 3d at 1136 (considering privacy policy where plaintiff alleges to have signed up to use service but never consented to disclosure of information). Here, there is little doubt that Plaintiff's claims rely on DoorDash's privacy disclosures and the authenticity of the publicly available privacy policy is not reasonably subject to dispute.

In addition, DoorDash's Privacy Policy is also subject to judicial notice because documents on "publicly available websites are proper subjects of judicial notice." *Asner v. SAG-AFTRA Health Fund*, 557 F. Supp. 3d 1018, 1024 (C.D. Cal. 2021) (internal quotation marks omitted). Courts routinely take judicial notice of the existence and contents of terms of use and privacy policies akin to the notices here.

*See, e.g.*, *id.*; *Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) ("[T]he Court takes judicial notice of the Privacy Policy as matters of public record outside the pleadings that are not subject to reasonable dispute." (citation and internal quotation marks omitted)); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (observing that "three publicly available Google webpages" and "four versions of Google's Privacy Policy" "appear on publicly available websites and are thus proper subjects for judicial notice"); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (judicial notice of Twitter's Terms of Service); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking notice of various Google privacy policies and terms of service because "[t]hese documents appear on publicly available websites and are thus proper subjects for judicial notice"); *Letizia v. Facebook Inc.,* 267 F. Supp. 3d 1235, 1241–42 (N.D. Cal. 2017) (taking judicial notice of Facebook's Payment Terms and Self-Serve Ad Terms); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of the Yelp Privacy Policies); *In re Google, Inc. Priv. Policy Litig.*, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (taking judicial notice of "past and present Terms of Service and Privacy Policies" as "matter[s] of public record").

Accordingly, the Court may consider the Privacy Policy on the Motion to Dismiss because it is incorporated into the Complaint by reference and subject to judicial notice.

### B. The DoorDash App's Sign-up and Login Screen and Sign Up Page (Exs. 1-2 to the Rubin Decl.) Are Incorporated by Reference into the Complaint and Subject to Judicial Notice

The DoorDash app's sign-up and login screen and sign up page are also incorporated by reference into the Complaint because, like DoorDash's Privacy Policy , Plaintiff's claims necessarily rely on his allegation that he was not informed about and did not consent to DoorDash's data collection and sharing practices.

Plaintiff alleges that he "downloaded and used the DoorDash food delivery and shopping app on his Android device within the last year." Compl. ¶ 32. The DoorDash sign-up and login screen, and sign up page, show the sequence of screens, disclosures, and options presented to users who "download[] and use[]" the DoorDash app on an Android Device. Because these pages establish where, when, and how DoorDash makes users like Plaintiff aware of its Privacy Policy, which discloses the relevant data collection and sharing practices, Plaintiff's claims necessarily rely on them, even if he tried to avoid referencing them explicitly in the Complaint. *See Knievel*, 393 F.3d at 1076 (court may consider document "even though the plaintiff does not explicitly allege the contents of that document in the complaint" where "the plaintiffs claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document."); *see also Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791, 804 (N.D. Cal. 2023) (screenshots of sign-up pages incorporated by reference because they formed the basis of fraud claims).

In addition, because they are publicly available and not subject to reasonable dispute, the DoorDash app's sign-up and login screen, and sign up page, are also subject to judicial notice. As explained *supra*, courts routinely take judicial notice of webpages and apps. *See Garcia*, 78 F. Supp. 3d at 1131, 1136 (taking judicial notice of Facebook log-in screen and defendant's app's sign-up process); *Novation Sols., Inc. v. Issuance Inc.*, 2023 WL 5505908, at *4 (C.D. Cal. June 27, 2023) (taking judicial notice of social media accounts); *Lindora, LLC v. Limitless Longevity LLC*, 2016 WL 6804443, at *3 (S.D. Cal. Sept. 29, 2016) (taking judicial notice of social media accounts and online reviews). Accordingly, the Court may consider the DoorDash app's sign-up and login screen, and sign up page, on the Motion to Dismiss because they are incorporated into the Complaint by reference and subject to judicial notice.

## IV. CONCLUSION

For the foregoing reasons, Amplitude respectfully requests that the Court consider on Amplitude's Motion to Dismiss the materials attached as Exhibit A to the Cramer Declaration and Exhibits 1-2 to the Rubin Declaration.

Dated: October 23, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Michael H. Rubin*
Michael H. Rubin

*Attorneys for Defendant Amplitude, Inc.*